IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: ) | |
| ) | Chapter 13 |
| ROBERT K. SALLEE JR., ) | Case No.   07-30776 |
| and LISA L. SALLEE, ) | |
| ) | |
| Debtors. ) | |

**OPINION**

This matter is before the Court on the Chapter 13 Trustee's objection to confirmation.  The Trustee argues that the debtors should be compelled to surrender two of their four vehicles pursuant to this Court's decision in *In re Rybicki*, 138 B.R. 225 (Bankr.S.D. Ill.1992).  In *Rybicki*, the Court held that a debt owed by the debtors for a 1988 Prowler travel trailer (a camper) was not a reasonably necessary living expense pursuant to 11 U.S.C. § 1325(b).  *Id*. at 229.[1]   The Court denied confirmation on the basis that debtors should not pay the debt on the camper through their chapter 13 plan.

On April 17, 2007, the debtors in this case filed a chapter 13 bankruptcy petition. Both debtors work outside the home.  Mr. Sallee is employed in Greenville, Illinois and Mrs. Sallee is employed in St. Louis, Missouri.  The debtors' total gross income is above the median income level for the State of Illinois. At the time of the hearing, the debtors had two dependents, a seventeen-year old son living at home and a nineteen-year old son in college.

On Schedule B of their bankruptcy schedules, the debtors list four vehicles, three of which are encumbered by debt.  The vehicle not encumbered by any liens is an inoperable 1991 Plymouth Sundance with 130,000+ miles.  The encumbered vehicles are

---

[1]   At the time *Rybicki* was decided, §1325(b) of the Bankruptcy Code required all expenses to be "reasonably necessary."

a 2000 Chevy Cavalier with 100,000+ miles, a 1998 Dodge Caravan with approximately 155,000 miles and a 2006 Hyundai Elantra. On Form B22C, line 47, debtors included deductions for debt payments for the Cavalier, the Caravan and the Elantra. The trustee does not object to the inclusion of these secured payment deductions on Form B22C itself, but does object to debtors' proposal to pay these debts through their chapter 13 plan.

The Chapter 13 Trustee argues that under the good faith standards set forth in §§1325(a)(3) and (7) of the Bankruptcy Code, debtors must surrender two of the vehicles encumbered by debts. In the alternative, the Trustee argues that pursuant to this Court's ruling in *In re Rybicki*, the payments on the extra vehicles are not reasonable and necessary expenses and therefore should not be included in debtors' plan. The debtors urge this Court to overrule the Trustee's objection and reverse its decision in *Rybicki* based on amendments to the Bankruptcy Code made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA). Specifically, debtors argue that because Official Form B22C allows them to deduct the expenses for these vehicles in calculating disposable income, (1) the Court has no authority to determine the "reasonableness" or "necessity" of the expenses, and (2) the good faith standards of §§ 1325(a)(3) and (a)(7) do not apply.

*Projected Disposable Income Test of § 1325(b)*

After the passage of BAPCPA, if the trustee objects to debtors' chapter 13 plan, the Court cannot approve the plan unless all claims are paid in full under 11 U.S.C. §1325(b)(1)(A) or unless the plan provides that "all of the debtor's projected disposable income to be received in the applicable commitment period ... will be applied to make payments to unsecured creditors under the plan." 11 U.S.C. § 1325(b)(1)(B). In the

instant case, debtors do not propose a plan which will repay 100% of the debts owed to their creditors. Therefore, under § 1325(b)(1)(B), debtors must propose a plan that pays all of their "projected disposable income" to unsecured creditors.

Under §§ 1325(b)(2) and (3), "disposable income" is determined by deducting "amounts reasonably necessary to be expended" from debtors' "current monthly income."[2] Section 1325(b)(3) states that the "amounts reasonably necessary to be expended" for above-median debtors are to be calculated in accordance with subparagraphs (A) and (B) of § 707(b)(2). 11 U.S.C. § 1325(b)(3). Sections 707(b)(2)(A)(iii)(I) and (II) provide the formula to use concerning deductions for secured debt.[3] Section 707(b)(2)(A)(iii)(I) allows debtors to deduct secured debt payments, while § 707(b)(2)(A)(iii)(II) allows debtors to deduct arrearage payments on a residence, vehicle or other property necessary for debtors and debtors' dependents.

The debtors argue that because § 707(b)(2)(A)(iii)(I) permits above-median income debtors to deduct secured debt payments in determining disposable income, the Court is precluded from reviewing the reasonableness or necessity of those payments. The Court agrees. Under BAPCPA, a court's subjective determination of whether expense deductions under 707(b)(2)(A)(iii)(I) are "reasonably necessary" is irrelevant.

---

[2] Under § 101(10A), "current monthly income" is defined as the debtors' average monthly income received during the six calendar months prior to filing. *See In re Nance*, 371 B.R. 358, 361 (Bankr.S.D.Ill.2007).

[3] These sections state that:
The debtor's average monthly payments on account of secured debts shall be calculated as the sum of—
  (I) the total of all amounts scheduled as contractually due to secured creditors in each month of the 60 months following the date of the petition; and
  (II) any additional payments to secured creditors necessary for the debtor, in filing a plan under chapter 13 of this title, to maintain possession of the debtor's primary residence, motor vehicle, or other property necessary for the support of the debtor and the debtor's dependents, that serves as collateral for secured debts;
divided by 60.

11 U.S.C. §§ 707(b)(2)(A)(iii)(I) and (II).

The Court in *In re Carlton,* 362 B.R. 402 (Bankr.C.D.Ill.2007) reached the same conclusion. In that case, debtors listed an expense deduction on line 47 of Form B22C for a Cadillac Escalade. The trustee objected that the Escalade was a luxury vehicle which was not reasonably necessary for the debtors. The Court rejected the trustee's argument, holding that for above-median income debtors, "the Court does not use its own judgment on reasonableness or necessity but, rather, must determine whether a particular expense is allowed by § 707(b)(2). If an expense is allowed under § 707(b)(2), it meets the new definition of "reasonably necessary" and no subjective review of the expense by the Court is permitted." *Id* at 411. The Court finds this reasoning persuasive. Therefore, the holding in *Rybicki* – that expense deductions must be reasonably necessary – no longer applies for above-median income debtors. As such, the Trustee's objection based on the holding of *Rybicki* is overruled.

*Good Faith Requirements*

The Trustee also argues that the good faith requirements under §§1325(a)(3) and (7) apply in this case and justify requiring debtors to surrender two of the vehicles. The debtors argue that the good faith requirements do not encompass a review of the debtors' expenses since those expenses have been statutorily determined.

The Court agrees with the Trustee's position. The good faith standards set forth in §§1325(a)(3) and (7) still apply after enactment of BAPCPA and allow the Court to review the debtors' plan and petition to determine if they are fundamentally fair to creditors and comply with the spirit of the Bankruptcy Code. *See Matter of Love,* 957 F.2d 1350, 1356-1357 (7th Cir. 1992).

Having reviewed the debtors' expenses under the good faith standards, the Court finds that the plan is proposed in good faith. The vehicles the debtors propose to keep are relatively old and have high mileage, with the exception of the 2006 Hyundai. In addition, the debtors are not attempting to pay for extravagant vehicles to the detriment of the unsecured creditors. Moreover, considering the number of drivers in the household and the inoperable condition of one of the vehicles, the number of vehicles is within reason. As such, the Court finds that debtors' proposal to pay for those vehicles through their chapter 13 plan is made in good faith. The Trustee's good faith objection is therefore overruled.

Accordingly, for the reasons set forth above, the second prong of the Trustee's objection to confirmation is OVERRULED.

See written Order entered this date.

ENTERED: November 15, 2007                    /s/ Kenneth J. Meyers
                                              UNITED STATES BANKRUPTCY JUDGE